IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3238-FL

| | |
|---|---|
| JOHNNIE D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| OFFICER ANDERSON, MR. PERSON, ) | |
| DR. GEORGE SOLOMON, CAPTAIN ) | |
| COBB, MR. SAULS, OFFICER ) | |
| MERRIT, MR. HOWELL, MR. MILLS, ) | |
| DARLYN WHITE, and OFFICER ) | |
| PENVELL, ) | |
| ) | |
| Defendants. ) | |

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983, and the court dismissed it as time barred on May 14, 2014. The matter comes before the court on plaintiff's unopposed "motion to alter or amend the judgment to overcome deficiencies of original complaint" (DE 12), which the court construes as a motion to alter or amend this court's May 14, 2014, judgment pursuant to Federal Rule of Civil Procedure 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Also before the court are plaintiff's unopposed motion to amend his complaint (DE 12) and "motion for stay of dismissal" (DE 13). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies plaintiff's motions.

    A.    Rule 59(e) Motion

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion

of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to amend or alter its judgment, plaintiff must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

Here, plaintiff asserts that his action is not time barred because he is entitled to equitable tolling of the statute of limitations for the time period during which he was pursuing a related North Carolina State tort claim before the North Carolina Industrial Commission. Plaintiff also suggests that the exhaustion of his administrative remedies, as required by 42 U.S.C. § 1997e(a), interfered with his ability to timely file this action. A court may dismiss a complaint on initial review pursuant to 28 U.S.C. § 1915 only where the expiration of the statute of limitations is clear on the face of the complaint. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006). In light of the allegations plaintiff raised in his Rule 59(e) motion, the court finds that justice requires that plaintiff's Rule 59(e) motion be GRANTED and that plaintiff's action be re-instated. Nothing in this court's order precludes defendants from raising the statute of limitations as a defense at a later date.

B.     Motion to Amend

A district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Rule 59(e) or Rule 60(b). <u>Katyle v. Penn Nat. Gaming, Inc.</u>, 637 F.3d 462, 470 (4th Cir. 2011) (citation omitted). Here, the court granted plaintiff's Rule 59(e). Accordingly, the court GRANTS plaintiff's motion to amend pursuant to Federal Rule of Civil Procedure 15(a) as a matter of course. <u>See</u> <u>Scinto v. Stansberry</u>, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.") (quotation omitted).

Plaintiff, in his amended pleading, seeks to both add and terminate certain claims and parties. The amended filing creates some confusion and is not filed on the correct form. Accordingly, the court DIRECTS plaintiff to file one amended complaint to provide the names of the individuals he seeks to sue in this action, and to specifically explain how any such individuals were involved in the actions of which he complains. Plaintiff is cautioned that amendment of his complaint is limited to his claims arising out of the alleged excessive force incidents at Maury Correctional Institution. Plaintiff may not name other individuals not involved in the claim or make additional allegations concerning other prisons or defendants. Finally, plaintiff is warned that the amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's other filings to glean any misplaced claims.

In summary, plaintiff's motion to alter or amend his judgment (DE 12) is GRANTED, and the Clerk of Court is DIRECTED to re-instate this action. Because the court has ruled upon plaintiff's motion to alter or amend his judgment, the court DENIES as MOOT plaintiff's "motion

3

for stay of dismissal" (DE 13). Plaintiff's motion to amend (DE 12) is GRANTED, and plaintiff is DIRECTED to file his amended complaint within fourteen (14) days of this court's order. Failure to respond to this court's order will result in dismissal of this action without prejudice for failure to prosecute. The Clerk of Court is DIRECTED to send plaintiff the form necessary to file his amended complaint.

SO ORDERED, this the 26th day of June, 2014.

LOUISE W. FLANAGAN
United States District Judge