IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3238-FL

| | | |
|---|---|---|
| JOHNNIE D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REGGILLETTE ANDERSON, HUBERT PERSON, DR. GEORGE SOLOMON, CAPTAIN COBB, MR. SAULS, OFFICER LANCELOT MERRITT,[1] MR. HOWELL, MICHAEL MILLS, DARLYN WHITE, OFFICER WALTER PENUEL,[2] OFFICER GAY, ROBERT VANDIFORD,[3] CAPTAIN R. WATSON, SERGEANT NOBLE, ALVIN KELLER, ROBERT C. LEWIS, and DANNY SANFRIT, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's motions for entry of default (DE 48, 60). Also before the court are defendants' motions to strike (DE 50, 51), motion for leave to file an answer (DE 64), and motion for an extension of time to respond to plaintiff's discovery requests (DE 66).

---

[1] The Attorney General has notified the court that the party plaintiff identified as Officer Merrit is actually Lancelot Merritt. The clerk of court is DIRECTED to alter the court's docket to reflect this name change.

[2] The Attorney General has notified the court that the party plaintiff identified as Officer Penval is actually Walter Penuel. The clerk of court is DIRECTED to alter the court's docket to reflect this name change.

[3] The Attorney General has notified the court that the party plaintiff identified as Robert Vandeford is actually Robert Vandiford. The clerk of court is DIRECTED to alter the court's docket to reflect this name change.

Defendants responded to plaintiff's motions for entry of default, and plaintiff responded to defendant's motion for leave to file an answer. In this posture, the issues raised are ripe for adjudication.

A.  Motions for Entry of Default and For an Extension of Time to Answer

Plaintiff requests that the court make an entry of default pursuant to Federal Rule of Civil Procedure 55(a) against defendants Hubert Person ("Person"), Officer Lancelot Merritt ("Merritt"), Officer Walter Penuel ("Penuel"), Officer Gay ("Gay"), and Robert C. Lewis ("Lewis"). Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter a party's default." Fed. R. Civ. P. 55(a).

Beginning with defendants Person and Gay, the court's docket reflects that both defendants' response to plaintiff's complaint was due by March 23, 2015. Neither defendant Person or Gay responded to plaintiff's complaint. Thus, defendants Person and Gay are in default, and the clerk of court is DIRECTED to make an entry of default as to defendants Person and Gay.

As for defendant Merritt, the North Carolina Attorney General, on a friend-of-court basis, filed a suggestion of death for defendant Merritt on April 10, 2015. The Attorney General attached to its suggestion of death a copy of Merritt's obituary, which reflects that Merritt died on May 28, 2011. Accordingly, plaintiff could not have obtained proper service on Merritt in this action which was filed on September 30, 2013, and plaintiff has not moved to substitute a proper party pursuant to Federal Rule of Civil Procedure 25. Thus, plaintiff's motion for entry of default against Merritt is DENIED.

Plaintiff also seeks an entry of default against defendant Penuel. Defendant Penuel responded to plaintiff's motion and filed a motion to deem his answer timely filed. Federal Rule of

Civil Procedure 6(b) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time." However, if the request for an extension of time is made after the time to file has lapsed, a court may grant an extension only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether neglect is excusable, the court must consider "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).

Here, Penuel's answer was due by March 23, 2015, but was filed on May 5, 2015. Counsel for defendants assert that defendant Penuel's answer was untimely because defendant Penuel did not realize that he was required to immediately notify the North Carolina Department of Justice of his request for a defense by the State of North Carolina and because there was a change in defense counsel. There is no indication in the record that defendant Penuel's counsel acted in bad faith. Additionally, due to the fact that the delay in filing defendant Penuel's answer was not excessive, the court finds no prejudice to plaintiff. Based upon the foregoing, the court finds that defendant Penuel has demonstrated excusable neglect for his untimely answer, and ALLOWS his motion for an extension of time to answer. Thus, plaintiff's motion for entry of default as to defendant Penuel is DENIED.

As for defendant Lewis, this defendant has not been served, and the court has made every effort to aid plaintiff in accomplishing service on this defendant, including an attempt at personal service. The court has no other method of ascertaining an address for Lewis. Based upon the foregoing, plaintiff is given 14 days to show cause as to why this action should not be dismissed

without prejudice for failure to obtain service on defendant Lewis within the 120 day time period required by Rule 4(m) of the Federal Rules of Civil Procedure. Because plaintiff has not obtained service on defendant Lewis, plaintiff's motion for entry of default against Lewis is DENIED.

B.  Motions to Strike

Defendants Keller and Mills, as well as defendants Anderson, Cobb, Noble, Sanfrit, Sauls, Solomon, Vandiford, and Watson filed motions to strike the filing of plaintiff's responses to their answers. Defendants request that this court strike plaintiff's reply pursuant Federal Rule of Civil Procedure 7(a), which provides that a reply to an answer is permitted only "if the court orders one." The court did not order that plaintiff file a reply to defendants' answers. Thus, the court GRANTS defendants' motions to strike plaintiff's reply to defendants' answers. See Hazel v. McElvogue, No. 0:09-2405-SB-PJG, 2010 WL 2484003, *1-2 (W.D.N.C. Apr. 2, 2010).

C.  Motion for an Extension of Time

Defendants Anderson, Solomon, Cobb, Sauls, Mills, White, Vandiford, Watson, Nobles, Keller, Sanfrit, and Penuel filed a motion for an extension of time to respond to plaintiff's April 15, 2015, discovery requests. For good cause shown, defendants' motion is GRANTED, and these defendants have until June 15, 2015, to respond to plaintiff's April 15, 2015, discovery requests.

For the foregoing reasons, the court rules as follows:

(1)  Defendant Penuel's motion for leave to file an answer (DE 64) is GRANTED;

(2)  Plaintiff's motion for entry of default against defendants Person, Merritt, Penuel, and Gay (DE 48) is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED as to defendants Person and Gay, and the clerk of court is DIRECTED to make an entry of default as to these defendants. The remainder of plaintiff's motion is DENIED;

(3) Plaintiff is given 14 days to show cause as to why this action should not be dismissed without prejudice for failure to obtain service on defendant Lewis pursuant to Rule 4(m). In the event of no response from plaintiff, the clerk of court shall, without further order of the court, dismiss without prejudice defendant Lewis from this action. Plaintiff's motion for entry of default against defendant Lewis (DE 60) is DENIED as MOOT;

(4) Defendants' motions to strike (DE 50, 51) are DENIED;

(5) The motion for an extension of time to respond to plaintiff's discovery requests (DE 66) filed by defendants Anderson, Solomon, Cobb, Sauls, Mills, White, Vandiford, Watson, Nobles, Keller, Sanfrit, and Penuel is GRANTED, and these defendants have until June 15, 2015, to respond to plaintiff's April 15, 2015, discovery requests;

(6) The Clerk of Court is DIRECTED to amend the court's docket to reflect the correct names for defendants Merritt, Penuel, and Vandiford.

SO ORDERED, this the 5th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge