| | |
|---|---|
| JOHNNIE D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| REGGILLETTE ANDERSON, HUBERT ) | |
| PERSON, DR. GEORGE SOLOMON, ) | |
| CAPTAIN COBB, MR. SAULS, ) | |
| ESTATE OF LANCELOT MERRITT, ) | |
| MR. HOWELL, MICHAEL MILLS, ) | |
| DARLYN WHITE, WALTER PENUEL, ) | |
| OFFICER GAY, ROBERT ) | |
| VANDIFORD, CAPTAIN R. WATSON, ) | |
| SERGEANT NOBLE, ALVIN KELLER, ) | |
| and DANNY SANFRIT, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the following motions: (1) plaintiff's motion for summary judgment (DE 93); (2) a motion to dismiss for failure to state a claim by defendant Estate of Lancelot Merritt ("Merritt" or "Estate of Merritt") (DE 95), construed as a motion for summary judgment; and (3) a motion for judgment on the pleadings by defendants (DE 97). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies plaintiff's motion, grants defendant Estate of Merritt's motion, and denies defendants' motion for judgment on the pleadings.

## STATEMENT OF THE CASE

On September 30, 2013, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Officer Reggillette Anderson ("Anderson"), Captain Cobb ("Cobb"), Mr. Howell ("Mr. Howell"), Officer Lancelot Merritt ("Merritt"), Michael Mills ("Mills"), Mr. Person ("Person"), Mr. Sauls ("Sauls"), Dr. George Solomon ("Solomon"), Walter Penuel ("Penuel"), and Darlyn White ("White"). Plaintiff alleged that defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff then filed a motion to appoint counsel, which the court denied. On May 14, 2014, the court conducted a frivolity review and dismissed plaintiff's action without prejudice as both time-barred, in part, and for failure to state a claim.

On June 16, 2014, plaintiff filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. On the same date, plaintiff also filed a motion for stay of dismissal, a motion to amend, and a motion to alter or amend the court's judgment pursuant to Federal Rule of Civil Procedure 59(e). In his Rule 59(e) motion, plaintiff asserted that his action is not time-barred because it is subject to equitable tolling for the time period during which he was pursuing a related North Carolina state tort claim before the North Carolina Industrial Commission and for the time-period during which he spent exhausting his administrative remedies.

On June 26, 2014, the court entered an order granting plaintiff's Rule 59(e) motion, but noted that nothing in its order precluded defendants from raising the statute of limitations as a defense at a later date. The court, additionally, granted plaintiff leave to amend his complaint and directed plaintiff to particularize his proposed amended complaint. Finally, the court denied as moot

2

plaintiff's motion to stay the court's dismissal of his action. Plaintiff subsequently dismissed his appeal.

On July 16, 2014, plaintiff filed his amended complaint re-naming the previously named defendants and named new defendants Officer Gay ("Gay"), Sergeant Noble ("Noble"), Alvin Keller ("Keller"), Robert C. Lewis ("Lewis"), Danny Sanfrit ("Sanfrit"), Robert Vandiford ("Vandiford"), and Captain R. Watson ("Watson"). Plaintiff alleged that defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged claims of retaliation, failure to protect, and falsification/obstruction of justice. The court allowed plaintiff to proceed with his amended complaint. On November 20, 2014, plaintiff filed a second motion to appoint counsel, which was denied. On February 9, 2015, defendants Merritt, Person, Gay, and Penuel filed a motion for an extension of time to file an answer.

On February 24, 2015, plaintiff filed a motion for entry of default against defendants Person, Merritt, Penuel, and Gay and a response to their motion for an extension of time to file an answer. On the same date, plaintiff filed a pleading captioned "Notice of Counter Claim/argument to answer of defendants Cobb, Sanfrit, Sauls, Solomon, Vandiford, and Watson to amended Complaint." On March 19, 2015, the court granted defendants' motion for an extension of time to file an answer, and directed that defendants Merritt, Person, Gay, and Penuel file their answer by March 23, 2015. Because the court granted defendants Merritt, Person, Gay, and Penuel an extension of time to answer, the court denied as moot plaintiff's motion for entry of default.

On March 26, 2015, plaintiff filed a pleading captioned "Notice of Response to Answer of Defendants Alvin Keller and Michael Mills to Amended Complaint." Plaintiff then filed a renewed motion for entry of default as to defendants Person, Gay, Merritt, and Penuel. On April 2, 2015,

3

defendants Keller and Mills filed a motion to strike plaintiff's pleading captioned "Response to Answer of Defendants Alvin Keller and Michael Mills to Amended Complaint." On the same date defendants Anderson, Cobb, Noble, Sanfrit, Sauls, Solomon, Vandiford, and Watson moved to strike plaintiff's pleading captioned "Counterclaim/Argument to Answer of Defendants Cobb, Noble, Anderson, Sanfrit, Sauls, Solomon, Vandiford and Watson to Amended Complaint." On April 10, 2015, defendant Solomon filed a suggestion of death on behalf of defendant Merritt. Then, on May 4, 2015, plaintiff filed a motion for entry of default as to defendant Lewis.

On May 5, 2015, defendant Penuel filed a motion to deem his answer timely filed as well as a response to plaintiff's motion for entry of default. Plaintiff responded to defendant Penuel's pleadings. On June 5, 2015, the court entered an order directing the clerk of court to make an entry of default as to defendants Person and Gay. The court also allowed defendant Penuel's motion for an extension of time to answer, and denied plaintiff's motion for entry of default as to Penuel. The court additionally denied plaintiff's motion for entry of default as to Merritt and Lewis. With respect to Lewis, the court directed plaintiff to show cause as to why he failed to obtain service against Lewis in accordance with Federal Rule of Civil Procedure 4(m). The court also granted defendants' motions to strike plaintiff's reply to defendants' answers. Finally, the court granted defendants an extension of time to respond to plaintiff's previously made discovery requests.

On June 24, 2015, plaintiff filed a pleading which the court construed as a motion to compel discovery. On that same date, plaintiff also filed a motion for default judgment as to defendants Person and Gay and a motion to substitute the estate of Merritt for the deceased defendant Merritt. The next day, the clerk of court made an entry of default as to defendants Gay and Person. On July 16, 2015, plaintiff filed a third motion to appoint counsel. On July 20, 2015, defendant Howell

4

responded to plaintiff's motion to compel. Defendant Howell also filed a motion to amend his answer. On that same date, plaintiff filed a motion to amend his complaint, which the court granted.

On August 31, 2015, the court entered an order denying plaintiff's motion to compel, and granted defendant Howell an extension of time to respond to plaintiff's discovery requests. The court also denied without prejudice plaintiff's motion for entry of default judgment against defendants Person and Gay. The court granted plaintiff's motion to substitute the Estate of Merritt for defendant Merritt, but denied plaintiff's motion to appoint counsel. The court subsequently granted the Estate of Merritt an extension of time to file an answer.

On October 15, 2015, plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed. On November 9, 2015, defendant Estate of Merritt filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), attaching an affidavit in support thereof. Defendants Anderson, Cobb, the estate of Merritt, Howell, Keller, Mills, Noble, Penuel, Sanfrit, Sauls, Solomon, Vandiford, Watson, and White filed a motion for judgment on the pleadings pursuant to Rule 12(c). The motions were fully briefed. Plaintiff subsequently filed a motion for a temporary restraining order and a motion to appoint counsel, which the court denied.

**STATEMENT OF FACTS**

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. Plaintiff's action arises out of a series of alleged excessive use of force incidents which occurred while plaintiff was incarcerated on Maury Correctional Institution's ("Maury") red unit. (Am. Compl. (DE 16), p. 6.) The first incident occurred on March 31, 2010, when defendant Anderson called plaintiff a "snitch" in response to comments plaintiff made to unit manger Gale

5

Collins ("Collins"). (Id.) After Anderson called plaintiff a snitch, plaintiff "felt he had no choice other tha[n] to throw milk on Officer Anderson for placing [plaintiff's] life and well being in danger when she falsely labeled [him] a snitch." (Id.) Defendant Anderson then "maced [plaintiff] while threatening [plaintiff] and cursing and yelling." (Id. p. 7.)

After the incident with Anderson, plaintiff was transferred to Maury's grey unit. (Id.) On April 6, 2010, plaintiff was "brutalized by use of excessive force when [defendant] Penuel and officer Horn[, who is not a party to this action,] slammed [plaintiff] to the ground, drug him, and strangled him due to [defendant] Gay confiscating [plaintiff's] property including his legal, religious and medical prescribed things." (Id.) On April 23, 2010, plaintiff reported the incident to defendant Mills, requested an investigation, and expressed fear of retaliation. (Id.) The next day, Sergeant Pellatier approached plaintiff to inform him that she was assigned to investigate the April 6, 2010, incident. (Id.) The investigation, however, "never made it beyond the grey unit and only made matters worse for [plaintiff]." (Id. p. 8.)

On April 21, 2010, defendant Merritt attacked plaintiff and "beat [plaintiff's] left elbow with his baton, kicked his hand, called him a racist name and cursed him while refusing to call the Sgt. [Sutton]." (Id.) At some point, Officer Jones intervened and prevented defendant Merritt from striking plaintiff a second time. (Id.) Officer Jones noticed plaintiff's elbow was bleeding and sent plaintiff to the nursing station for medical attention. (Id.) After an initial medical screening at Maury, Maury medical staff transferred plaintiff to the Emergency Department at East Carolina Memorial Hospital. (Id.) Medical staff at the hospital determined that plaintiff did not have a fracture, but did use sutures to close an abrasion and prescribed plaintiff pain medication. (Id.)

6

On June 4, 2010, plaintiff refused to permit defendant Gay to close his cell feeding trap door. (Id.) In response, defendant Gay grabbed plaintiff's arm and attempted to force plaintiff's arm back into his cell. (Id. pp. 8-9.) Defendant Penuel then joined defendant Gay and attempted to pull plaintiff's arm farther out of plaintiff's cell. (Id. p. 9.) Defendant Penuel also attempted to "pry [plaintiff's] thumb loose from [his] closed fist, failing he then began to beat [plaintiff's] hand at least 10-12 times with his baton." (Id.) "Officer Gay shook his head and said uh uh trying to get Penuel to stop (half-heartedly)." (Id.) Penuel then threw his baton on the feeding cart while still pulling on plaintiff's wrist. (Id.) Penuel attempted to spray plaintiff with mace, but missed. (Id.) Gay let go of plaintiff's arm "in a fit of coughs while Penuel dropped the can of mace, pinned [plaintiff's] wrist down and again beat [plaintiff's] wrist and hand until Sgt. Noble finally got him to back off after the 3rd or 4th order." (Id.)

## DISCUSSION

A.  Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment arguing that he is entitled to judgment as a matter of law on the merits of his claims. The court, however, has not yet entered a case management order in this action, and the parties have not yet had the opportunity to engage in discovery. Accordingly, at this stage in the proceeding, plaintiff's motion for summary judgment is DENIED as PREMATURE.

B.  Defendants' Motions

   1.  Standard of Review

Defendant Estate of Merritt filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is

7

stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

When "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 56(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

Defendants also filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual

8

allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 570.

    2.    Analysis

        a.    Estate of Merritt's Motion to Dismiss

Defendant Estate of Merritt argues that plaintiff's claims fail against it because they were not presented to the estate within the time period set forth in N.C. Gen. Stat. § 28A-19-3. Section 28A-19-3(a) provides: "All claims against a decedent's estate which arose before the death of the decedent, . . . which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 by the date specified in the general notice to creditors . . . are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent." A claim against a decedent's estate, however, is not barred "to the extent that the decedent or personal representative is protected by insurance coverage with respect to such claim." N.C. Gen. Stat. § 28A-19-3(i).

Prior to examining the timeliness of plaintiff's notice to defendant Estate of Merritt, the court first determines whether Merritt or his personal representative is protected by insurance coverage with respect to plaintiff's claims. The executor of Merritt's estate, Joshua Merritt, submitted an

9

affidavit attesting that he is not "aware of any insurance applicable to the claims asserted in this action." (Merritt[1] Aff. ¶ 6.) Further, as a former employee of the State of North Carolina, defendant Merritt is covered by the Defense of State Employees Act under which the State "may provide for the defense of any civil or criminal action . . . brought against [an employee] in his official or individual capacity, or both, on account of an act done or omission made in the scope and course of his employment as a State employee." See N.C. Gen. Stat. § 143-300.3. Under the Defense of State Employees Act, if the State elects to defend an employee, it has the responsibility to pay the judgment or settlement up to the amount payable for one claim up to the amount of $150,000.00. N.C. Gen. Stat. § 143-300.6. This indemnification provision does not constitute insurance for the purposes of N.C. Gen. Stat. § 28A-19-3(i). See Sales v. Grant, 224 F.3d 293, 297 (4th Cir. 2000) (stating that "state cannot manufacture immunity for its employees simply by volunteering to indemnify them . . . . [A] state's decision to indemnify its employees does not transform a suit against individual defendants into a suit against a sovereign.") (internal quotations omitted); see also, Goodwin v. Cockrell, 59 F. Supp. 3d 738, 741 (E.D.N.C. 2014) ("[T]he fact that any monetary judgment against Goodwin may be paid by the State does not serve to transform the Counterclaim against him into one against North Carolina."). Based upon the foregoing, the court finds that neither defendant Merritt or his personal representative is protected by insurance coverage with respect to plaintiff's claims.

Upon finding the absence of insurance coverage for plaintiff's claims, the court now determines whether plaintiff complied with § 28A-19-3(a)'s notice requirement. Here, the record reflects that Merritt passed away on May 28, 2011. (Merritt Aff. ¶ 2.) On June 29, 2011, the estate

---

[1] The executor of Merritt's estate submitted an affidavit in support of defendant Estate of Merritt's motion to dismiss. The court provided plaintiff notice that it may treat the motion as one for summary judgment. (DE 99).

provided notice to defendant Merritt's creditors regarding claims against the estate. (Id. ¶ 4 and Ex. A.) Pursuant to the June 29, 2011, notice, claims against defendant Merritt's estate were to be presented to the estate, in the manner set forth in the notice, by September 29, 2011. (Id.) Plaintiff did not file this action until September 19, 2013, well after the date specified in the notice to defendant Merritt's creditors. Plaintiff does not dispute that his action against the estate of Merritt is untimely. Based upon the foregoing, plaintiff's action against the estate of Merritt is barred pursuant to N.C. Gen. Stat. § 28A-19-3(a).

          b.        Defendants' Motion for Judgment on the Pleadings

The parties do not dispute that plaintiff filed his action after the expiration of the three-year statute of limitations. See Love v. Alamance Cty. Bd. of Educ., 757 F.2d 1504, 1506 & n.2 (4th Cir. 1985) (stating that the statute of limitations for a plaintiff's § 1983 claims, under North Carolina law, is three years). As a defense to the running of the statute of limitations, plaintiff asserts that he is entitled to equitable tolling. Generally, federal courts apply the forum state's law regarding tolling, including equitable tolling, when application is not inconsistent with federal law. See Hardin v. Straub, 490 U.S. 536, 537-39 (1990). Courts applying North Carolina law recognize that equitable tolling may serve to extend a statute of limitations. See Aikens v. Ingram, 524 F. App'x 873, 882 (4th Cir. 2013); Republic Indus. v. Teamsters Joint Council, 718 F.2d 628, 644 (4th Cir. 1983) (finding that "time frames may be tolled where equitable considerations justify their suspension.") (internal quotation omitted).

Plaintiff asserts, *inter alia*, that he is entitled to tolling of the three-year statute of limitations period due to the Prison Litigation Reform Act's requirement that he exhaust his administrative remedies for his claims prior to filing this action pursuant to 42 U.S.C. § 1997e(a). Although the

11

Fourth Circuit has not addressed the issue, many circuits which have considered the issue have concluded that the statute of limitations is tolled during the exhaustion process because the PLRA requires a prisoner to exhaust administrative remedies before commencing a civil rights action. See Pearson v. Secretary Department of Corrections, 775 F.3d 598, 603-604 (3d Cir. 2015) (concluding that "the PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies."); Turley v. Rednour, 729 F.3d 645, 651 (7th Cir. 2013) ("Section 1983 suits in Illinois have a two-year statute of limitation, which is tolled while the prisoner exhausts the administrative grievance process."); Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012) (finding that the statute of limitation period was tolled and did not run while the plaintiff invoked the grievance process); Harris v. Hegmann, 198 F.3d 153, 157–59 (5th Cir. 1999); see also, Humphries v. Ashe, No. 1:15-cv-88-FDW, 2016 WL 280208, at *4 (W.D.N.C. Jan. 21, 2016) (recognizing that several courts have tolled the statute of limitations while an inmate is in the process of exhausting his administrative remedies).

Courts which have permitted tolling during the exhaustion of administrative remedies provide that the statute of limitations is tolled while a prisoner is "actively exhausting his administrative remedies." Gonzalez v. Hasty, 651 F.3d 318, 323-24 (2d Cir. 2011). In addition to the preceding case, the court finds that tolling further is warranted because the exhaustion process must be <u>completed</u> prior to the date an inmate files his action, and a district court may not stay an action pending the exhaustion process. See Hayes v. Stanley, 204 Fed. Appx. 304, 304 n.1 (4th Cir. 2006) (per curiam) (stating that exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . ."). Finally,

12

tolling for exhaustion is warranted because exhaustion is mandatory and a district court may not excuse a failure to exhaust, even to take special circumstances into account. See Ross v. Blake, __ U.S.__, 2016 WL 3128839, at *11 (2016).

Having determined that the statute of limitations for a § 1983 action may be tolled for the time period that an inmate is actively exhausting his administrative remedies, the court next determines whether plaintiff's action was timely filed. According to defendants' own characterization of the events in this action, plaintiff completed the grievance process for the instant claims on November 5, 2010. ((DE 98), p. 6.) Thus, the statute of limitations in this case was tolled until November 5, 2010, and then ran from November 5, 2010, until it expired on November 5, 2013. Because plaintiff filed this action on September 19, 2013, the action is timely.

## CONCLUSION

Based upon the foregoing, the court rules as follows:

(1) Plaintiff's motion for summary judgment (DE 93) is DENIED as PREMATURE;

(2) The motion to dismiss filed by the Estate of Merritt (DE 95) is GRANTED, and the Estate of Merritt is DISMISSED from this action;

(3) The remaining defendants' motion for judgment on the pleadings (DE 97) is DENIED;

(4) An initial order will follow.

SO ORDERED, this the 23rd day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge